UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>KRAFT FOODS GLOBAL, INC., D/B/A MAXWELL HOUSE COFFEE COMPANY<br><br>Defendant. | CIVIL ACTION NO.:<br>3:10-cv-887-J-99T4c-4BT<br>COMPLAINT<br><br>JURY TRIAL DEMAND<br><br>FILED 2010 SEP 28 A 9:32 |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Francena Smith, who was adversely affected by such practices. As stated with greater particularity below, the Equal Employment Opportunity Commission alleges that Kraft Foods Global, Inc., d/b/a Maxwell House Coffee Company, violated Title VII when it subjected Smith to harsher discipline based on her sex, female, and terminated her, because of her sex, female.

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a ("CRA 1991").

2. The employment practices alleged by the Equal Employment Opportunity Commission to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Jacksonville Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("the Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, the Defendant Kraft Foods Global, Inc., d/b/a Maxwell House Coffee Company ("Kraft Foods"), has continuously been a Delaware corporation doing business in the city of Jacksonville and Duval County, and has continuously had at least 15 employees.

5. At all relevant times, Kraft Foods has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

6. At all relevant times, Kraft Foods was the employer of Francena Smith, as the terms "employer" and "employee" are defined by Title VII.

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Francena Smith ("Smith") filed a charge of discrimination against Kraft Foods alleging violations of Title VII.

8. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least June of 2008, Kraft Foods has been engaged in unlawful employment practices at its Jacksonville, Florida facility, in violation of Section 703(a)(1) of

Title VII, 42 U.S.C. § 2000e-2(a)(1), by disciplining Smith more harshly than her male coworkers and terminating her, on the basis of her sex, female, as follows:

a) Kraft Foods produces Maxwell Coffee at its Jacksonville location;

b) Smith had been employed by Kraft Foods at its Maxwell House Coffee facility in Jacksonville, Florida since at least 1971;

c) Kraft Foods has a progressive disciplinary policy in which employees first receive a verbal warning, followed by a written warning, suspension, and termination;

c) In June, 2008 the Charging Party was involved in an incident in which coffee was damaged and became unusable;

d) Smith had not been disciplined for at least 2 years; as such, she should have received a verbal warning for the incident;

e) Kraft Foods suspended Smith;

f) At least six male employees with disciplinary records similar to Smith who were involved in incidents where more or less coffee was damaged received verbal warnings;

g) On October 1, 2008 and October 2, 2008 Smith was working with a male coworker, Clyde Lowrey ("Lowrey"), and on both days the two were involved in incidents where coffee was damaged and became unusable;

h) In October, 2008 Kraft Foods fired Smith;

i) In October, 2008 Kraft Foods gave Lowrey a verbal warning;

j) Smith is a member of a union, and grieved her termination through the union.

k) Effective March 1, 2010 an arbitrator ordered Smith reinstated, but did not award any monetary relief and did not remove the June, 2008 suspension from her record.

10.  The effect of the practices complained of in paragraph nine (9) above has been to deprive Smith of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female.

11.  The unlawful employment practices complained of in paragraph nine (9) above were intentional.

12.  The unlawful employment practices complained of in paragraph nine (9) above were done with malice or with reckless indifference to the federally protected rights of Smith.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Kraft Foods, Kraft Foods' officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in employment practices that discriminate on the basis of sex.

B.  Order Kraft Foods to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees regardless of sex, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Kraft Foods to make whole Smith, by providing appropriate lost wages associated with the unlawful suspension and termination, with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.  Order Kraft Foods to make whole Smith, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph nine (9) above, in amounts to be determined at trial.

E.  Order Kraft Foods to make whole Smith by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph nine (9) above, including pain, suffering and humiliation, in amounts to be determined at trial.

F.  Order Kraft Foods to pay Smith punitive damages for Defendants' malicious and reckless conduct described in paragraph nine (9) above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

Equal Employment Opportunity
Commission
131 M Street N.E.
Washington, D.C. 20507

ROBERT E. WEISBERG
Regional Attorney

_____
BRIAN J. SUTHERLAND
Trial Attorney
Washington Bar No. 37969
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Miami District Office
One Biscayne Tower
2 South Biscayne Blvd., Suite 2700
Miami, FL 33131
Tel.: (305) 808-1815
Fax: (305) 808-1835
Email: brian.sutherland@eeoc.gov

Dated: 9/27/10