FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| | ) | CIVIL ACTION NO.: |
| Plaintiff, | ) ) | 3:10-cv-00887-RBD-JBT |
| | ) | **CONSENT DECREE** |
| v. | ) ) | |
| KRAFT FOODS GLOBAL, INC., D/B/A MAXWELL HOUSE COFFEE | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## I. INTRODUCTION

1.     Plaintiff, the United States Equal Employment Opportunity Commission ("the Commission"), and the Defendant, Kraft Foods Global, Inc., d/b/a Maxwell House Coffee Company ("Kraft" or "Defendant"), hereby stipulate and agree to the entry of this Consent Decree ("Decree") to resolve the EEOC's claims in this action, filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), alleging that the Charging Party, Ms. Francena Smith, was subjected to unlawful discrimination on the basis of her sex, female.

## II. SCOPE AND PURPOSES

2.     The parties to this Decree are the Commission and Kraft (collectively, "the Parties). This Decree shall be binding on and enforceable against Kraft, which includes its officers, directors, agents, successors, and assigns. The scope of this decree encompasses Kraft's Maxwell House Coffee production facility in Jacksonville, Florida.

3.     The parties have entered into this Decree for the following purposes:

a.   To avoid expensive and protracted costs incident to litigation;

b.   To provide a final and binding settlement upon the parties as to all claims alleged in the Complaint;

c.   To provide monetary and injunctive relief;

d.   To ensure that Kraft's employment practices in its Jacksonville Maxwell House facility comply with federal law, including ensuring a work environment free from discrimination, harassment, and retaliation;

e.   To ensure training for Kraft's managers and supervisors in the Jacksonville Maxwell House facility with respect to their obligations under Title VII; and

f.   To provide an appropriate and effective mechanism for handling sex discrimination complaints in the Jacksonville Maxwell House facility.

4.   This Decree does not constitute an adjudication on the merits nor is it an admission by Kraft of liability or any unlawful conduct.

### III. RELEASE OF CLAIMS

5.   This decree fully and completely resolves all issues, claims, and allegations which the Commission raised or could have raised in its Complaint against Kraft in this action, filed in the United States District Court, Middle District of Florida, on September 28, 2010, and styled as *U.S. E.E.O.C. v. Kraft Foods Global, Inc., d/b/a Maxwell House Coffee Company,* Case No. 3:10-cv-00887-UATC-JBT, (the "Complaint").

6.   Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in the event that any party hereto fails to perform the promises and representations contained herein.

2

7.      Nothing in this Decree shall be construed to limit or reduce Kraft's obligation to comply fully with Title VII or any other federal employment statute.

8.      This Decree in no way affects the Commission's right to bring, process, investigate, or litigate other Charges of Discrimination that may be pending or may later arise against Kraft or any of its subsidiaries or divisions in accordance with standard Commission procedures.

## IV. JURISDICTION

9.      The Court has jurisdiction over the parties and the subject matter of this lawsuit. The Complaint asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree. The terms and provisions of this Decree are fair, reasonable, and just. This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

10.     The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering all orders, judgments, and decrees that may be necessary to implement the relief provided herein.

## V. EFFECTIVE DATE AND DURATION OF DECREE

11.     The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court ("the Effective Date").

12.     Except as otherwise provided herein, this Decree shall remain in effect for two (2) years after the Effective Date. The Decree will expire on its own terms unless the Court grants an extension upon motion by the Commission.

3

## VI. MODIFICATION AND SEVERABILITY

13.    This Decree constitutes the complete understanding of the parties with respect to the matters contained herein. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the parties.

14.    If one or more provisions of the Decree are rendered unlawful or unenforceable, the parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the parties' best efforts, be achieved.

15.    By mutual agreement of the parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

## VII. COMPLIANCE AND DISPUTE RESOLUTION

16.    The parties agree that the breach of any term of this Decree, including all required written notices and certifications by the Defendant, will be deemed to be a substantive and material breach of this Decree upon the failure of the Defendant to cure any such breach upon of receipt of a written notice of breach or non-compliance by the Commission. The notice shall specify the particular provision(s) that the Commission believes the Defendant has breached. Absent a showing by either party that the delay will cause irreparable harm, Kraft shall have fourteen (14) calendar days to attempt to resolve or cure the breach.

17.    The parties agree to cooperate with each other and to use their best efforts to resolve any dispute referenced in the Commission notice.

4

18.     After thirty (30) calendar days have passed with no resolution or agreement to extend the time further, the Commission may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree, the Commission's costs incurred in securing compliance with the Decree, and any other relief the Court deems appropriate.

## VIII. MONETARY RELIEF

19.     Except as provided in sub-paragraph 19(d) below, within fifteen (15) calendar days from the date the Court enters this Decree, the Defendant shall pay a total of $ 100,000.00 to Ms. Francena Smith, which constitutes compensation for back wages and non-economic compensatory damages. The Defendant will issue such payment to Smith as follows:

      a.     $ 85,000.00 will be designated as back wages. This payment shall be reduced only by any applicable deductions for the employee's portion of FICA and by applicable federal and state income tax withholdings related to the payment of employees' wages. In addition, the Defendant will be responsible for the employer contributions to FICA on this payment.

      b.     $ 15,000.00 will be designated as compensatory damages under Title VII. The Defendant is not required to withhold taxes or make any employer contributions for FICA with respect to this payment. The Defendant will issue a Form 1099 to Smith for this amount.

      c.     The payments described in sub-paragraphs 19(a) and 19(b), above, will be mailed by Certified Mail (Return Receipt) to the following address:

          Ms. Francena Smith
          6505 Fraleigh Avenue

Jacksonville, Florida 32208

d.   The payment described in sub-paragraph 19(b) above will be mailed to Ms. Francena Smith within fifteen (15) calendar days of Ms. Smith's submission of a complete and signed Internal Revenue Service Form W-9 to Defendant's attorney of record, provided Defendant's attorney of record receives the Form W-9 no later than September 30, 2011. In the event Ms. Smith fails to submit the Form W-9 by September 30, 2011, the Defendant shall have no obligation to make any payment under sub-paragraph 19(b) above and Defendant's obligation under that sub-paragraph shall be null and void.

20.   Copies of all payments will be forwarded to Regional Attorney, Robert E. Weisberg, U.S. Equal Employment Opportunity Commission, Miami District Office, One Biscayne Tower, 2 S. Biscayne Blvd., Suite 2700, Miami, Florida 33131, within five (5) calendar days of issuance.

21.   If the Defendant fails to tender the payments described in paragraph 19 above, then the Defendant shall pay interest on the defaulted payment at the rate calculated pursuant to 26 U.S.C. § 6621(b) until the same is paid, and bear any additional costs incurred by the EEOC caused by non-compliance or delay. The Commission may seek relief in this Court upon the failure to make such payments as described in paragraph 19 without need for notice or an opportunity to cure as described in paragraphs 16, 17, or 18.

## IX.  INJUNCTIVE RELIEF

22.   Kraft shall award to the Charging Party all monetary and non-monetary benefits that she would have received had she not been terminated from employment at the Jacksonville

6

Maxwell House facility, and place her in the same position with respect to accrued leave, vacation time, eligibility for bonuses, and any other monetary or non-monetary benefit that she would now hold or be eligible for had she not been terminated as alleged by the Commission. Kraft shall send to the Commission a written notice of compliance with this paragraph within thirty (30) days of the Effective Date.

23.    Kraft's managers and supervisors at Kraft's Jacksonville, Florida facility are hereby enjoined from imposing disparate discipline, up to and including termination, upon female hourly employees at the Jacksonville, Florida facility based upon their sex.

24.    Within thirty (30) calendar days of the Effective Date and throughout the term of this Decree, Kraft shall post a notice (attached as "Exhibit A") of the terms of this Decree in a clearly visible location frequented by employees at the Jacksonville Maxwell House facility. Also within thirty (30) days of the Effective Date, Kraft shall send to the Commission a written notice to certify that the notice has been posted.

25.    Within thirty (30) days of the Effective Date, Kraft will revise its Anti-Discrimination Policy, attached as Exhibit B, to include the provisions set forth in this paragraph. The Section entitled "Complaint Procedure" shall be revised to ensure that a report of discrimination can be made to an employee's "supervisor, department manager, human resources representative, or any other member of management, without limitation."

26.    Within thirty (30) days of revising its Anti-Discrimination Policy in accordance with the requirements of paragraph 25 above, Kraft shall distribute the revised Anti-Discrimination Policy to all the employees of the Jacksonville Maxwell House facility, including management and supervisory staff, and it shall be included in any relevant policy or employee manuals distributed to employees by Kraft at the facility. Kraft shall collect acknowledgments

from each employee who receives the Policy and certify to the Commission that all employees have received the revised Policy.

27.    A copy of the revised Policy will be forwarded to EEOC for review prior to the execution and entry of this Consent Decree. The Policy will then be included in this Decree as Exhibit B. This and any other submissions, reports, certifications, notices, or other materials that are required to be submitted to EEOC shall be mailed to:   Regional Attorney, Robert E. Weisberg, U.S. Equal Employment Opportunity Commission, Miami District Office, One Biscayne Tower, 2 S. Biscayne Blvd., Suite 2700, Miami, Florida 33131.

28.    Kraft shall hold the managers, supervisors, and Human Resources personnel of its Jacksonville Maxwell House facility accountable for compliance with Kraft's Anti-Discrimination Policy.

29.    Within ninety (90) days after the Defendant sends to the Commission the training plan and curriculum as provided in Paragraph 32, Business Unit Manager Bob Reimer, MRG Supervisor John Woodbury, and the salaried, exempt Human Resources personnel at the Defendant's Jacksonville, Florida facility shall be required to attend an intensive training program of at least four (4) hours. The training shall be mandatory and occur once every year thereafter for the term of this Decree. The training shall include coverage of the subjects of Equal Employment Opportunity rights and responsibilities, unlawful discrimination, retaliation, and Kraft's policies and procedures for reporting and handling complaints of discrimination and retaliation. The training shall also include training on how to properly handle and investigate complaints of discrimination and retaliation in a neutral manner, how to take preventive and corrective measures against discrimination and retaliation, and how to recognize and prevent discrimination and retaliation.

8

30.     For the remainder of the term of this Decree, all new managerial and supervisory employees and all employees recently promoted from a staff/hourly to a managerial or supervisory position shall receive the training referred to in paragraph 29 above, as appropriate, within ninety (90) days of the effective date of their hiring or promotion and in accordance with paragraph 29.  Kraft shall send to the Commission written notice of the hiring of each new managerial or supervisory employee or the promotion of any staff/hourly employee to a managerial or supervisory position within thirty (30) days of each such hiring or promotion, along with a representation of which upcoming training session the newly hired or newly promoted manager or supervisor will attend.

31.     All employees required to attend the training specified in paragraph 29 above shall verify their annual attendance in writing.

32.     Within sixty (60) days after the Effective Date, Kraft shall submit to the Commission a description of the training to be provided and an outline of the curriculum developed for the trainees. Kraft shall give the Commission a minimum of fifteen (15) calendar days' advance written notice of the date, time, and location of each training program provided pursuant to this Decree, sent to the attention of Regional Attorney, Robert E. Weisberg, and agrees that a Commission representative may attend any such training program.

## X. RECORDKEEPING AND REPORTING

33.   Kraft represents that it has established and shall maintain a recordkeeping procedure that provides for the centralized tracking of sex discrimination complaints and the monitoring of such complaints to prevent retaliation. The records maintained include:

    a.   All documents generated in connection with any complaint, investigation into, or resolution of every complaint of sex discrimination or complaint of retaliation based upon such complaints (collectively referred to as "Complaints") for the duration of the Decree;

    b.   All forms acknowledging employees' receipt of Kraft's Anti-Discrimination Policy;

    c.   All documents verifying the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree.

34.   Kraft shall make the documents set forth in paragraph 33(a)-(c) above available to the Commission within 15 calendar days following a written request by the Commission.

35.   In addition to the notices to the EEOC specified above, Kraft shall provide the following reports to the EEOC in writing, by mail or facsimile, to the attention of Robert E. Weisberg, Regional Attorney:

    a.   Within ninety (90) days after the Effective Date, Kraft shall submit to the Commission an initial report regarding Kraft's Jacksonville Maxwell House facility which contains:

        i.   A copy of the Anti-Discrimination Policy;

        ii.   A summary of the procedures and recordkeeping methods

developed for centralized tracking of sex discrimination complaints and the monitoring of such complaints;

iii.     A statement confirming that the required notices pertaining to this Decree and the Anti-Discrimination Policy has been posted; and

iv.     Confirmation that all employee acknowledgment forms indicating receipt of the Anti-Discrimination policy were gathered.

36.     Kraft shall also provide the following reports annually for the Jacksonville Maxwell House facility throughout the term of this Decree:

a.     The attendance lists of all attendees for all training sessions required under this Decree that took place during the previous year;

b.     Acknowledgments of receipt of the discrimination and harassment policy for all employees hired during the previous year; and

c.     A description of all Complaints as defined in paragraph 33a made since the submission of the immediately preceding report hereunder. This description shall include the names of the individuals making the Complaints, the nature of the Complaints the dates of the alleged discrimination or retaliation, a brief summary of how each Complaint was resolved, and the identity of the person(s) who investigated or resolved each Complaint. If no results have been reached as of the time of the report, the result shall be included in the next report.

37.     Kraft shall provide a report to the Commission detailing any changes of the procedures or recordkeeping methods for centralized tracking of discrimination complaints and the monitoring of such complaints within thirty (30) days before implementing such changes.

11

38.     Kraft shall also provide all remaining reports required in paragraphs 35 and 36 to the Commission at least sixty (60) days prior to the conclusion of the two (2) year term of the Decree so that the Commission can determine, within its discretion, whether Kraft has appropriately handled discrimination and retaliation complaints. If the Commission determines that Kraft has appropriately handled all complaints, the Decree will expire in two (2) years from its Effective Date.

39.     Nothing in this Decree shall be construed to limit or reduce Kraft's obligation to comply fully with recordkeeping responsibilities pursuant to Title VII or any other federal employment statute.

40.     Unless otherwise stated, all notices, reports, and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Robert E. Weisberg, U.S. Equal Employment Opportunity Commission, Miami District Office, One Biscayne Tower, 2 S. Biscayne Blvd., Suite 2700, Miami, Florida 33131.

## XI.  COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

41.     Kraft shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree.

## XII.  COSTS AND ATTORNEYS' FEES

42.     Each party shall bear its own costs of suit and attorneys' fees.

## XIII.  MISCELLANEOUS PROVISIONS

43.     During the term of this Consent Decree, Kraft shall provide any potential successor-in-interest with a copy of this Consent Decree within a reasonable time of not less than thirty (30) calendar days prior to the execution of any agreement for acquisition or assumption of

12

control of Kraft's Jacksonville Maxwell House production facility, or any other material change in corporate structure, and shall simultaneously inform the Commission of the same.

44.     During the term of this Consent Decree, Kraft and its successors shall assure that each of its officers, managers, and supervisors that oversee the Jacksonville Maxwell House production facility are aware of any term(s) of this Decree which may be related to her or his job duties.

45.     This Decree may be signed in counterparts. A facsimile signature shall have the same force and effect of an original signature or copy thereof.

46.     The parties agree to the entry of this Decree and judgment subject to final approval by the Court.

For the United States Equal Employment Opportunity Commission:

ROBERT E. WEISBERG
Regional Attorney
United States Equal Employment
    Opportunity Commission
One Biscayne Tower
2 South Biscayne Blvd., Suite 2700
Miami, Florida 33131
Telephone:     (305) 808-1789
Facsimile:     (305) 808-1835
Email:  robert.weisberg@eeoc.gov

For the Defendant:

David M. DeMaio
Ogletree, Deakins, Nash,
    Smoak, & Stewart, P.C.
Counsel for Defendant
701 Brickell Ave., Suite 2020
Miami, Florida 33131
Telephone:     (305) 455-3700
Facsimile:     (305) 374-0456
Email: david.demaio@ogletreedeakins.com

Willie J. Miller
Senior Vice President Corporate Legal
Kraft Foods Global, Inc. d/b/a
Maxwell House Coffee Company

13

SO ORDERED, ADJUDGED AND DECREED, in Chambers, in Jacksonville, Florida, on July 14, 2011.

ROY B. DALTON JR.
United States District Judge

## EXHIBIT A
## NOTICE POSTED PURSUANT TO CONSENT DECREE

This Notice is being posted pursuant to a Consent Decree entered by the United States District Court in U.S. EEOC v. Kraft Foods Global, Inc. d/b/a Maxwell House Coffee Company, Case No. 3:10-cv-00887-UATC-JBT (M.D. Fla.). The EEOC alleged that Kraft Foods Global, Inc. violated Title VII of the Civil Rights Act of 1964 at its Maxwell House Coffee production facility in Jacksonville, Florida by disciplining Francena Smith and terminating her employment, allegedly on the basis of her sex, female. Pursuant to the Consent Decree, Kraft Foods Global, Inc. has agreed to pay certain monetary relief to Ms. Smith.

Title VII of the Civil Rights Act of 1964 protects individuals from employment discrimination because of sex and other protected characteristics. The Act also protects individuals from retaliation for having complained of an unlawful employment practice under the Act. Kraft Foods Global, Inc. will not condone employment discrimination of any kind as set forth in federal anti-discrimination laws, including, but not limited to discrimination prohibited by Title VII of the Civil Rights Act of 1964. Appropriate corrective action, up to and including termination, based upon the circumstances involved, will be taken against any employee or manager found to have violated the company's policies prohibiting discrimination.

Kraft Foods Global, Inc. will not retaliate against an individual because he/she has exercised his/her rights under the law, including opposing discriminatory acts or filing charges with the EEOC.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, pregnancy, age, or disability. If you believe you have been discriminated against, you may contact EEOC at (305) 808-1740. EEOC charges no fees and is responsible for investigating discrimination in the workplace.

This Notice must remain posted for two (2) years from the date below and must not be altered, defaced, or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Robert E. Weisberg, Regional Attorney, U.S. Equal Employment Opportunity Commission, Miami District Office, 2 South Biscayne Blvd., Suite 2700, Miami, Florida 33131.


Date:   _____

                                            _____
                                            Kraft Foods Global, Inc. d/b/a
                                            Maxwell House Coffee Company

# EXHIBIT B

`kraft foods

## Anti-Discrimination Policy & Complaint Procedure

[INSERT DATE]

Kraft Food's Employment Policies, such as the Equal Employment Opportunity and Anti-Harassment Policy, help ensure that our work environment not only helps us achieve success, but also respects every individual. I expect every employee to understand our policies related to equal employment opportunity, anti-harassment, and non-retaliation and join me in supporting our commitment to them.

Joe Waryold
Plant Manager
Kraft Foods
Maxwell House Coffee Division

### EQUAL EMPLOYMENT OPPORTUNITY AND ANTI-HARASSMENT POLICY

We at Kraft Foods recognize that the quality, motivation and performance of our people are key factors in achieving our business objectives. Ensuring a professional work environment free of discrimination and harassment is critical to reaching our goal.

**Equal Employment Opportunity**

Kraft Foods is an equal opportunity employer. Kraft Foods provides equal employment opportunity to all employees and applicants without regard to race, color, religion, gender, age, ethnic or national origin, veteran status, physical or mental disability, genetic information, sexual orientation or preference, gender identity, marital status or citizenship status, in accordance with federal laws. In addition, the Company complies with state and local laws governing nondiscrimination in employment wherever the Company has facilities. This policy applies to all terms and conditions of employment, including, but not limited to hiring, placement, promotion, termination, layoff, recall, transfer, leaves of absence, compensation, and training.

To further the principle of equal employment opportunity and in accordance with its obligations, the Company has developed affirmative action programs for minorities, women, individuals with disabilities, and covered veterans. Over the years, we have strengthened our recruiting efforts to ensure equal opportunity for all applicants and to increase representation of minorities and women in all areas of our business. We have also encouraged employees and applicants to consider non-traditional jobs and we have involved our people and resources in minority economic development and community affairs.

**Anti Harassment**

The Company expressly prohibits sexual harassment as well as harassment based upon an individual's race, color, religion, gender, age, ethnic or national origin, veteran status, physical or mental disability, genetic information, sexual orientation or preference, gender identity, marital status, citizenship status, or any other basis protected by state or local law. Kraft Foods does not tolerate interference with anyone's performance of their job. This policy applies to all work and work-related environments, whether at Company facilities or in Company-related settings, including social events.

"Harassment" is unwelcome physical, verbal or visual conduct that denigrates or shows hostility or aversion toward an individual because of his or her sex or other legally protected characteristics where, in management's opinion; (i) an individual's submission to such conduct is made (explicitly or implicitly), a term or condition of employment, (ii) an individual's submission to or rejection of such conduct is used as the basis for employment decisions; or (iii) such conduct creates a hostile, offensive environment and/or has a substantial interference with the individual's work or for any

kraft foods

Harassment can occur as a result of a single incident or pattern of behavior. Examples of conduct that would violate this policy include, but are not limited to:

- Asking for sexual favors
- Making sexual comments, advances, innuendos, or using obscene gestures
- Inappropriate touching or patting
- Offensive racial, ethnic, religious, age-related, or sexual jokes, slurs, insults, or other remarks based on an individual's protected characteristic
- Distributing or displaying offensive or obscene pictures or cartoons
- Using voice mail, e-mail or other electronic devices to transmit derogatory or discriminatory information
- Physical or verbal abuse

Employees are responsible for respecting the rights of their colleagues. In addition, each member of management is responsible for maintaining an atmosphere free of discrimination and harassment, sexual or otherwise. All managers and supervisors are responsible for enforcing compliance with this policy. If a manager or supervisor either observes conduct that appears to violate this policy, or receives a complaint of conduct that would violate this policy, then he or she must immediately report the incident to the Human Resources Department.

## Complaint Procedure

If you experience harassment and/or discrimination based on your race, color, religion, gender, age, ethnic or national origin, veteran status, physical or mental disability, genetic information, sexual orientation or preference, gender identity, marital status or citizenship status, you should promptly report the incident to your supervisor, department manager, Human Resources representative or any other member of management, without limitation. You may also contact the Company's Vice President of Diversity, Jim Norman, at 1-847-646-4406.

The Company takes complaints of discrimination and harassment very seriously. You need not follow a formal chain of command when filing a complaint or when discussing any issue of concern regarding alleged discrimination or harassment. You may bypass anyone in the direct chain of command and file a complaint or discuss any issue of concern with a Human Resources representative at any time. In addition, you may contact the Kraft Foods Integrity HelpLine and Webline, at 1-877-781-2421, or at www.KraftfoodsEthics.com. The HelpLine provides an anonymous system for anyone who wishes to share his or her concerns. This policy applies to all incidents of discrimination or harassment, including those that occur off-premises, or after business hours, where the alleged offender is a supervisor, colleague, or a non-employee such as a contractor, customer or other person who does business with or visits the Company. A complaint should be made as early as possible following the alleged incident.

Upon receiving a complaint, the Company will promptly begin an investigation to gather such facts as may be necessary to take any appropriate corrective action. The results of the investigation will be discussed with the complaining party to the extent appropriate. Confidentiality will be maintained to the maximum extent possible.

## Non-Retaliation

The Company prohibits retaliation of any kind against anyone for reporting unlawful discrimination or harassment, assisting in making a complaint or cooperating with an investigation. Anyone who believes that he or she has been retaliated against should immediately report this conduct to any one of the following individuals: his or her supervisor, department manager, or a Human Resources representative. In addition, anyone can use the HelpLine or Webline to report possible retaliation.

If the Company's investigation of an unlawful discrimination, harassment or retaliation complaint concludes that this policy has been violated, the Company will take appropriate corrective action at the Company's sole discretion, up to and including terminating the offending employee's employment. Any questions about the scope or operation of this policy should be directed to a Human Resources representative.